IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRISTOPHER J. BROWN,

    Plaintiff,

vs.                                        Case No.  1:08cv6-MP/WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

                                      /

## REPORT AND RECOMMENDATION

This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D. Loc. R. 72.2(D).  Defendant has filed a motion to dismiss, arguing that the complaint was not timely filed.  Doc. 12.  Plaintiff has responded.  Doc. 14.

There is a 60 day period for filing a civil action seeking review of the final decision of the Secretary denying benefits pursuant to Title II or XVI of the Social Security Act. This is provided by 42 U.S.C. § 205(g:

> (g)  Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy,

> may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . .

By regulation, 20 C.F.R. § 422.210(c), the Secretary has interpreted "mailing" to mean the date that the claimant receives the decision in the mail, and further has provided that there is a rebuttable presumption that the claimant actually received the decision on the fifth day following the date of the notice of the decision.

The Appeals Council denied review on November 2, 2007, since that is the date stamped on the decision. There is a rebuttable presumption that Plaintiff received the notice of denial on November 7, 2007. The sixtieth day thereafter was Sunday, January 6, 2008, and thus, if this presumption is not rebutted, Plaintiff had until January 7, 2008, to file this suit. He filed it on January 8, 2008, one day late if this is the correct calculation.

Defendant has filed the declaration of Patrick J. Herbst. Doc. 12-2, p. 8. Mr. Herbst is the Chief of Court Case Preparation and Review Branch IV for Defendant. *Id*. He states that Plaintiff's official file is within his custody and has been examined. *Id.*, p. 10. He states that "to the best of my knowledge and belief," the file shows that the decision denying review was sent by the Appeals Council by mail on November 2, 2007, to Plaintiff. *Id*. Mr. Herbst does not state that he personally mailed the decision on that date.

Plaintiff, on the other hand, filed a copy of the decision mailed to Plaintiff. Doc. 1-2, p. 1 (exhibit A to the complaint). At the bottom is a stamp showing receipt on December 10, 2007. *Id*. Plaintiff also filed the envelope in which the final decision was

sent. Doc. 1, p. 9 when viewed as a consolidated document. The metered postage shows it was mailed on December 6, 2007, from the same zip code as Defendant. *Id*.

Plaintiff declares under penalty of perjury in his affidavit that he received the notice of final decision on or about December 10, 2007. Doc. 14-2, p. 1. With his affidavit, Plaintiff has filed the envelope in which his copy of the decision came, and it bears his zip code below the window and the metered date of having been mailed from Defendant's zip code on December 6, 2007. Doc. 14-2, pp. 2 and 7.

Plaintiff has also filed the declaration of Janet K. Wood, legal assistant to Plaintiff's attorney. Doc. 14-3, p. 1. It is her responsibility to open mail, review it for deadlines, and calendar the deadlines. *Id*. When she receives mail from Defendant, Ms. Wood states that she always checks to see if the date on the correspondence and the envelope are reasonable. *Id*., p. 2. If there is more than a few days beyond normal mailing time, she puts a "sticky" note on the document and attaches the envelope to the document. *Id*. Ms. Wood avers that she opened the mail from the Appeals Council relevant here on December 10, 2007, finding a decision in Plaintiff's case dated November 2, 2007. *Id*. She attached the copy of the decision and the envelope to the law office to her affidavit. *Id*. The attached decision is the same one attached to the complaint, with the received date stamp showing receipt on December 10, 2007. Ex. A; doc. 14-3, p. 3. The envelope is the same as attached to the complaint, and differs from Plaintiff's envelope because there is no tearing at the top of this second envelope. *Id*., Ex. B, doc. 14-3, p. 7. Thus, both envelopes, the one received by Plaintiff at his home, and the one received by his representative, Mr. Bacharach who is Plaintiff's counsel here, show mailing on December 6, 2007.

Plaintiff has rebutted the presumption of receipt within five days of the date of the decision. Plaintiff did not receive this decision until December 10, 2007. Hence, the complaint, filed on January 8, 2007, was timely filed.

Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss, doc. 12, be **DENIED**, that Defendant be **ORDERED** to file an answer and the record within 30 days from the date of entry of the order adopting this report and recommendation, and that the case be remanded to me for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 12, 2008.


s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**