IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**CHRISTOPHER J. BROWN,**

    Plaintiff,

vs.                                    Case No.  1:08cv6-MP/WCS

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    Defendant.

                                        /

## REPORT AND RECOMMENDATION

This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D. Loc. R. 72.2(D).  It is recommended that the decision of the Commissioner be affirmed.

**Procedural status of the case**

Plaintiff, Christopher J. Brown, applied for disability insurance benefits and supplemental security income benefits.  The Administrative Law Judge found that Plaintiff was disabled with an onset date of October 1, 2003.  This finding, however, resulted only in approval of supplemental security income benefits because Plaintiff's

last insured date for disability insurance benefits was over a year earlier, March 31, 2002. Further, because Plaintiff did not file an application for supplemental security income benefits until January 12, 2006, the payment of supplemental security income benefits did not begin until a month after that date. Plaintiff argues that the decision not to find onset of disability on or before March 31, 2002, was not supported by substantial evidence in the record.

Plaintiff argues that the onset decision was "arbitrary and capricious," doc. 24, p. 4, but that is not the standard of review. This court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986).

My order requiring memoranda by the parties directed that the memoranda "shall set forth Plaintiff's legal contentions *and shall cite the record by page number for every factual contention*." Doc. 21, p. 2. I also ordered:

> Failure of Plaintiff to file a memorandum specifically addressing the claimed error as instructed by this order will be deemed to be a failure to prosecute and will result in a recommendation that this case be dismissed for that reason.

*Id.*, p. 1.

Plaintiff argues that "[o]bviously the ALJ's residual functional capacity findings of Plaintiff BROWN's abilities prior to October 1, 2003 (R 17) are made up out of whole cloth to justify an October 1, 2003[,] onset." Doc. 24, p. 9. Plaintiff did not cite the record by page number for any factual contention supportive of this assertion. The argument, therefore, is unpersuasive.

Case No. 1:08cv6-MP/WCS

Plaintiff argues that the only reason that the Commissioner picked October 1, 2003, as the onset date is due to an erroneous finding that Plaintiff engaged in substantial gainful activity in the first three quarters of 2003. Doc. 24, p. 8. Plaintiff argues that the Commissioner assigns "quarters" of substantial gainful activity for each $1,200 earned. *Id.* Plaintiff points out that this is not substantial evidence of actual work performed since a claimant might earn $3,600 in the first three months (the first quarter) of a year and be assigned three quarters of substantial gainful activity. *Id.* This would falsely show, argues Plaintiff, that the claimant worked in the second and third quarters. *Id.*

The argument is facially flawed. If a claimant could perform substantial gainful activity in the first part of 2003, he probably could not show an onset of disability on March 31, 2002, nearly a year before. There is evidence that Plaintiff did some painting work in early 2003. R. 257, 271. Indeed, while not addressed by Plaintiff, Defendant has shown that there is substantial evidence in the record to establish an onset date of October 1, 2003, if not later. The ALJ found, and Plaintiff has not disputed, that Plaintiff had not been hospitalized for uncontrolled hypertension or any type of cardiovascular episode prior to October 1, 2003. R. 19. He found that prior to October 1, 2003, Plaintiff had "not undergone any lumbar spine surgery, and has been treated for his musculoskeletal pain and hypertension conservatively." *Id.* It is also significant that almost all of the medical evidence in this record is for treatment in 2004 and thereafter. R. 121-126, 141-189, 192-195, 210-246. There is an x-ray report dated October 26, 1991, but this is of little relevance.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be **AFFIRMED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 14, 2009.

        s/   William C. Sherrill, Jr.
        WILLIAM C. SHERRILL, JR.
        UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**